WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner’s order finding that appellee has a 14 percent permanent impairment and directing employer/carrier to pay him temporary partial disability benefits from January 1 to April 24, 1987. We reverse and remand.
Appellee injured his back in a work-related accident on March 18, 1986, and was originally diagnosed as having a back strain. By December 30, 1986, after appel-lee had been examined by no less than five doctors, including an orthopedist, a neurosurgeon, and a chiropractor, and after he had undergone extensive medical tests, all of which revealed no abnormality or condition that would account for his continued subjective complaints of pain and inability *183 to work, all medical testimony established that he had reached maximum medical improvement with no permanent impairment and that he could return to normal work activities. Nevertheless, he filed a claim for temporary partial disability or wage-loss benefits from January 1, 1987, to April 27, 1987.
Relying upon interim medical impressions, which later were superseded by final medical conclusions, the deputy commissioner overrode all medical testimony of no permanent impairment by determining that appellee has a 14 percent PI, based on the AMA Guides. In view of the fact that no medical testimony or any other competent substantial evidence established any permanent impairment rating, that determination was error. See Escambia County Council on Aging v. Goldsmith, 500 So.2d 626 (Fla. 1st DCA 1986), in which this Court stated, en banc:
Section 440.25(3)(b) specifies that “[n]o deputy commissioner shall make a finding of a degree of permanent impairment that is greater than the greatest permanent impairment rating given the claimant by any examining or treating physician, except upon stipulation of the parties.” This subsection, read in pari materia with section 440.15(3)(a), makes plain that findings of permanent impairment ratings must be based on and not exceed the rating given by a physician. This notion contrasts sharply with the deputy commissioner’s duty to make findings of fact based on many factors, including permanent impairment, in determining the extent of disability to earn income. E.g., Lemus v. Industrial Sites Services, 482 So.2d 472 (see p. 630, supra).
Further, no competent substantial evidence supports the deputy commissioner’s finding of maximum medical improvement on April 24, 1987. The only medical evidence of maximum medical improvement establishes that it occurred before January 1, 1987. Thus, an award of temporary partial disability benefits after that date is error.
The appealed order is reversed and remanded for entry of an order consistent with this opinion.
MILLS and SHIVERS, JJ., concur.